[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this matter, the defendant husband filed a motion dated July 7, 1998 to compel disclosure by the plaintiff wife of medical records including office notes from the wife's health care providers, including her psychologist. The plaintiff objected to the production of all of those records, claiming inter alia that they are protected from disclosure pursuant to Section 52-146c of the General Statutes. The plaintiff, however, claims an inability to work because of psychiatric illness, and has disclosed several of her health care providers as expert witnesses.
The parties were first heard on these issues on August 12, 1998 before Judge Mack, who granted the defendant's motion for disclosure of the subject records, including notes. Judge Mack ordered that all notes be turned over to the defendant's counsel, but permitted the plaintiff's counsel to withhold those notes that counsel contended were too sensitive. Judge Mack ordered those notes deemed by the plaintiff's counsel to be too sensitive submitted to the court for in camera review. On September 16, 1998, this court received those notes, and ordered them sealed. The court further ordered that the plaintiff's counsel number the pages of the notes so that any order could accurately and simply designate which matters were to be protected from disclosure. That has been accomplished. CT Page 12169
The statute provides that disclosure of psychological treatment records may be ordered without the consent of the patient when the patient introduces his mental condition as an element of his claim or defense. Connecticut General Statutes, Section 52-146c(c)(2). The same provision obtains with regard to the records of social workers, Connecticut General Statutes, Section 52-146q(c)(4), and psychiatrists. Connecticut General Statutes, Section 52-146f(5). Before the court can order disclosure of these records, however, the court must find that it is more important to the interests of justice that the records be disclosed than that the relationship between the patient and the provider be protected. Connecticut General Statutes, Sections52-146c(c)(2), 52-146f(5) and 52-146q(c)(4). That finding was made by Judge Mack, and is expressly made by this court.
Nevertheless, disclosure of psychological, psychiatric, and social work records under the statute is discretionary, not mandatory. Judge Mack's orders required the disclosure of those records the court did not find too sensitive upon in camera review, but left for the court conducting the in camera review the decision of whether to sustain the plaintiff's objection with respect to issues that might be too sensitive for disclosure.
The court has reviewed the records in camera and finds that there were matters raised by the plaintiff in the course of her treatment that are indeed too sensitive to mandate disclosure. These are not matters that relate solely to the plaintiff, but rather matters involving communications between the plaintiff and her health care providers about her siblings and parents. Accordingly, the court orders that the plaintiff's counsel shall:
1. Make a complete copy of each provider's record included in the court file which the plaintiff seeks to have protected from disclosure. Each record has previously been marked as a court exhibit for identification and retained in the court file. The copies are to be made so that the documents marked as court exhibits be retained in the court file and sealed, for preservation for appellate review if necessary;
2. On the copy which has been made, redact those lines on each set of medical notes indicated in this order, and produce the redacted records to the defendant's counsel within ten days hereof. CT Page 12170
The portions of the records to be redacted are set forth below.
COURT EXHIBIT NUMBER PAGE LINE(S)
Ex. 1 (9/14/98) None None
 Ex. 2 (9/14/98) 12 25, 26 32 14-20
45 4-7
55 5-9 56 11-12; 19-20 59 13-15 64 16-18
Ex. 3 (9/14/98) None None
Orders will enter accordingly.
GRUENDEL, J.